# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

          **Plaintiff,**

     v.                  **CASE NO.  11-3073-SAC**

RAY ROBERTS, et al.,

          **Defendants.**

## O R D E R

This civil complaint was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas.  Plaintiff, a pro se three-strikes litigant, names 114 defendants counting the "Does 1-50".  He generally claims that he is being subjected to numerous unconstitutional conditions and that the conviction underlying his prison sentence was unconstitutional.  Mr. Lynn has filed an Objection to assignment of this case to the undersigned judge, together with a request that the action be referred to Chief Judge Vratil.  The assignment of cases is a matter within the discretion of the Chief Judge of this District, and there is no legal authority for plaintiff to direct its referral to a particular judge.

Plaintiff has not filed a proper Motion to Recuse with an affidavit in support.  His Objection to the case assignment is expressly based upon the sole fact that plaintiff has included the undersigned judge as a defendant among the more than 60 he has actually named in this case.  Mr. Lynn's naming of the undersigned judge as a defendant appears to be intended to manipulate the identity of the decision-maker in this case and to engage in "judge-shopping".  Neither the complaint nor the Objection contains a single additional fact warranting disqualification.  Nevertheless,

the undersigned judge is "required" by 28 U.S.C. § 455(b)(5)(i),
which provides that the judge "shall also disqualify himself" in
circumstances where he "is a party to the proceeding," to direct the
clerk to reassign this case. See <u>Akers v. Weinshienk</u>, 350 Fed.Appx.
292, 293 (10th Cir. 2009)[1]; <u>Young v. U.S.</u>, 316 Fed.Appx. 764, 772
(10th Cir. 2009); <u>but cf. e.g.</u>, <u>U.S. v. Grismore</u>, 564 F.2d 929, 933
(10th Cir. 1977)(Oft-quoted for "A judge is not disqualified merely
because a litigant sues . . . him."); <u>Andersen v. Roszkowski</u>, 681
F.Supp. 1284, 1289 (N.D. Ill. 1988), <u>aff'd</u>, 894 F.2d 1338 (7th Cir.
1990)(Table)(In order to guard against judge-shopping,"courts have
refused to disqualify themselves under Section 455(b)(5)(i) unless
there is a legitimate basis for suing the judge.")(not cited as
legal authority); <u>In re Taylor</u>, 417 F.3d 649, 652 (7th Cir. 2005)(A
per se rule of disqualification when a litigant sues a judge "would
allow litigants to judge shop by filing a suit against the presiding
judge."); <u>United States v. Pryor</u>, 960 F.2d 1, 3 (1st Cir. 1992)("It
cannot be that an automatic recusal can be obtained by the simple
act of suing the judge."); <u>United States v. Studley</u>, 783 F.2d 934,
940 (9th Cir. 1986).

---

[1]    The Tenth Circuit held in earlier published cases that the statutory
guidance for recusal must be read in light of the judges' "duty to sit" on cases
filed with the court.   <u>Switzer v. Berry</u>, 198 F.3d 1255, 1257 (10th Cir.
2000)(citing <u>see</u> <u>Nichols v. Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995)("a judge has
as strong a duty to sit when there is no legitimate reason to recuse as he does
to recuse when the law and facts require"); <u>United States v. Greenspan</u>, 26 F.3d
1001, 1005 (10th Cir. 1994)(same); (<u>Lopez v. Behles</u>), 14 F.3d 1497, 1501 (10th
Cir. 1994)(same); <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir.1987)).   The Tenth
Circuit reasoned in <u>Switzer</u>:

    This court has long held that "'section 455(a) must not be so broadly
    construed that it becomes, in effect, presumptive, so that recusal is
    mandated upon the merest unsubstantiated suggestion of personal bias
    or prejudice.'"   Moreover, "[t]he statute is not intended to give
    litigants a veto power over sitting judges, or a vehicle for
    obtaining a judge of their choice."   (Citations omitted).

<u>Switzer</u>, 198 F.3d at 1257-58.   This case does not fall within the necessity
exception where a litigant has named all judges in the district as defendants.

**IT IS THEREFORE BY THE COURT ORDERED** that the Clerk of the Court is to reassign this case to another judge in the rotation for all further proceedings.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2011, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge