### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**PATRICK LYNN,**

                **Plaintiff,**

           v.                                **CASE NO. 11-3073-JAR**

**CORRECTIONAL OFFICER MADDOX,**
El Dorado Correctional Facility,
et al.,

                **Defendants.**

### <u>MEMORANDUM AND O R D E R</u>

This matter is before the court on Plaintiff's First[1] Amended Complaint (Doc. 24), Plaintiff's Unopposed Motion to Amend Complaint (Doc. 31), and Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 32). The Court screens the First Amended Complaint, and requires Plaintiff in his Second Amended Complaint to cure the deficiencies discussed herein. Plaintiff's unopposed motions are granted.

**I.**      **Screening**

Because Plaintiff is a prison inmate suing state officials, the court is required by statute to screen the First Amended Complaint.[2] Subsection (2) of § 1915(e) expressly provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time" if it determines that the complaint is "frivolous" or malicious, "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." The court has thoroughly screened Plaintiff's First Amended Complaint and finds as follows.

**II.**      **Defendants Not Named and Claims Not Raised in Amended Complaint Are Dismissed**

"[A]n Amended Complaint 'supercedes the original complaint, and renders the

---

[1] Plaintiff entitled this document Second Amended Complaint, but it is his First Amended Complaint.

[2] 28 U.S.C. § 1915A(a)–(b); § 1915(e)(2)(B).

original complaint without legal effect.'"[3]  Mr. Lynn's First Amended Complaint significantly differs from his original complaint.  In his original pro se complaint, he named 65 defendants and as well as J. Doe # 1–# 50.  In his First Amended Complaint, he names ten defendants, only one of whom was named in the original.  It follows that all defendants named in the Original Complaint including the J. Does, with the sole exception of Defendant Maddox, shall be dismissed from this lawsuit.

In his First Amended Complaint, Mr. Lynn has limited his claims to three counts.  In his Original Complaint, he raised numerous other claims that were not delineated as counts.  It follows that all claims other than those raised as counts in Plaintiff's First Amended Complaint shall be dismissed.

The claims raised in Plaintiff's First Amended Complaint are summarized as follows.  In Count (1), Plaintiff asserts that in October and December of 2009, he was subjected to cruel and unusual punishment and retaliation by defendants Widener, Schultz, and VanHoose while confined at the Hutchinson Correctional Facility ("HCF").  As facts in support, he alleges that on October 9, 2009, he was denied a phone call to his father.  He further alleges that on this date the floor of his cell was soaked with bleach, air flow into the cell was shut off, he was subjected to fumes when he has a known allergic reaction to bleach, and as a result, he began having chest pains.  In addition, he alleges that after Widener and others came to his cell to transport him for medical attention, he was beaten by Widener while he was handcuffed.  Finally, he alleges that on December 15, 2009, Defendant Schultz knowing of the October incident "forced bleach fumes into Plaintiff until he was passing out and required medical assistance."

In Count (2), Plaintiff asserts that on February 13, 2010, and from January 6 through 28, 2011, he was subjected to cruel and unusual punishment by defendants Maddox and Hughes while confined at the El Dorado Correctional Facility ("EDCF").  As facts in support, he alleges that defendant Hughes handcuffed him for transport and then "hung (him) from a door by a dog-

---

[3]*Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (quoting *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000); 3 Moore's Federal Practice, § 15.17[3] (Matthew Bender 3d ed.)).

strap that was hooked onto his handcuffs," causing his air supply to be shut off, and him to pass out and require medical attention. Plaintiff also alleges that he was transferred to the EDCF on January 6, 2011, and held in a windowless, no-contact cell under inhumane conditions from that day through January 28, 2011. In addition, he alleges that on February 13, 2011, he was beaten by defendant Maddox and the beating continued while he was naked, on the floor, and spitting blood.

In Count (3), Plaintiff asserts that on August 27, 2010, he was subjected to cruel and unusual punishment by Defendants Walters, Gill, Goldring, Miller, and Pool while confined at the Lansing Correctional Facility ("LCF"). In support, he alleges that on August 27, 2010, he threw water on Officer Trexler when Trexler slammed his hand in the meal slot, and Trexler falsely stated it was urine. Three hours after the incident, Mr. Lynn was placed in a restraint chair, and held there for 26 hours, where he began having chest pains after a few hours. He attempted to refuse medical attention, and was struck by Defendants Walters, Gill and Miller. Defendant Pool then released mace onto the floor causing Plaintiff severe pain.

Plaintiff may amend his claims in his Second Amended Complaint if he disagrees with this summary. Plaintiff mainly seeks money damages.

**III.     Claims Subject to Dismissal upon Screening**

Plaintiff requests in his First Amended Complaint that he not be transferred interstate without his permission. This request for an injunction prohibiting any interstate transfer is not supported by facts showing that such a transfer is imminent. Nor does Plaintiff cite legal authority permitting the court to intervene in any transfer decision, which is generally a matter left to the discretion of prison officials. Accordingly, the Court finds that Plaintiff fails to state facts entitling him to this relief.

The Court also finds that other claims which Plaintiff may be attempting to raise in his First Amended Complaint are not adequately delineated as counts or numbered claims,[4] and

---

[4] Rule 10 of the Federal Rules of Civil Procedure sets forth requirements for the "Form of Pleadings." "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." It further provides that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *See* Fed. R. Civ. P. 10(b).

are either mere legal conclusions or not supported by sufficient factual allegations. They include his allegations regarding improper restrictions on court access in retaliation, chilling of his First Amendment rights, ignoring his attempts to refuse medical attention, delayed delivery of his legal mail, violation of pendent state law rights, and complaints regarding his "MRA status." Likewise, Plaintiff's allegations that he was not allowed to make a telephone call to his father on the day it was approved fail to state a federal constitutional violation. These claims will be dismissed unless Plaintiff delineates them as additional claims and alleges sufficient facts in support within his Second Amended Complaint.

### IV.     Eleventh Amendment Immunity

Before the Court screened the First Amended Complaint, Plaintiff's attorney caused summons to issue. A Motion to Dismiss (Doc. 26) has been filed on behalf of Maddox and the other nine defendants named in the First Amended Complaint, asserting that this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In support, Defendants allege, based on facts and arguments made in their motion, that defendants are all employees of the Kansas Department of Corrections and are sued only in their individual capacity. Defendants then argue that this Court lacks jurisdiction over this suit for damages against Defendants in their official capacities because it is, in actuality, a suit against the State that is barred by Eleventh Amendment Sovereign Immunity. Other than noting that the Court is required upon screening to "dismiss a complaint that seeks monetary relief against a defendant who is immune from such relief,"[5] it makes no findings and expresses no opinion at this time regarding immunity based upon the First Amended Complaint. Plaintiff's motion for an extension of time to respond to defendant's Motion to Dismiss is granted.

### V.     Improper Joinder

The Court finds that Mr. Lynn has improperly joined claims and parties in his First Amended Complaint. Fed. R. Civ. P. 20(a)(2) governs permissive joinder of defendants and pertinently provides:

---

[5] 28 U.S.C. § 1915A(b)(2).

> (2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.[6]

Fed. R. Civ. P. 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims . . . as the party has against an opposing party."[7]  Thus, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."[8]  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."[9]

The Court of Appeals for the Seventh Circuit held in *George* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."[10]  Requiring adherence in prisoner suits to the Federal Rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."[11]  It also prevents prisoners from "dodging" the fee obligations[12] and the three

---

[6] *Id.*

[7] *Id.*

[8] *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[9] *Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

[10] *George*, 507 F.3d at 607; *Hood v. Murphy*, No. 08-3112-SAC, 2008 WL 4862362, at *2 (D. Kan. Nov. 10, 2008) (unpublished); *see also Trail Realty Inc. v. Beckett*, 462 F.2d 396, 399-400 (10th Cir. 1972) (explaining that Rule 20 does not authorize a plaintiff to "incorporate into an existing action a different action against different parties and presenting entirely different factual and legal issues."); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) ("plaintiff cannot bring all claims, regardless of type, against all defendants who are spread out at various institutions."); *Chandler v. James*, 783 F. Supp. 2d 33, 39 (D.D.C. 2011); *Roberts v. Davis*, No. 4:11CV2007 JAR, 2011 WL 6217047, at *2 (E.D. Mo. Dec. 14, 2011).

[11] *Id.*

[12] 28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  *Id.*

strikes provisions[13] of the Prison Litigation Reform Act.

Defendants employed at the EDCF are not alleged to have participated in the same transaction or series of transactions as defendants employed at either the HCF or the LCF. Nor are the HCF defendants alleged to have participated in the same transaction or series of transactions as the LCF defendants. Questions of fact are not common to all three or any two of these groups of defendants.

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim.[14] In his Second Amended Complaint, Plaintiff should select the transaction(s) or occurrence(s) he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules, and limit his facts and allegations to the Defendant(s) involved in properly joined occurrences. Plaintiff should only include in his Second Amended Complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. Alternatively, Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions or occurrences; and that any question of law or fact common to all Defendants will arise in this action.

The rules on joinder do not prohibit Plaintiff from seeking relief on any of his claims that are not properly joined in this action. Instead, should Plaintiff wish to pursue claims against multiple defendants at different institutions that do not arise from the same transaction or occurrence, he must file each unrelated claim on a separate complaint form. Because each

---

[13]28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Lynn has previously been designated a three-strikes litigant.

[14]Fed. R. Civ. P. 21; *Nasious v. City & Cnty. of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011) (providing that to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and proceeded with separately) (citing *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)) (Unpublished opinion not cited as binding precedent but for persuasive reasoning. *See*, Fed. R. App. P. 32.1 and 10th Cir. R. 32.1).

complaint would be filed as a new action, Plaintiff should not put a case number on the new complaint(s).  The clerk of the court will assign a case number to each new action if and when Plaintiff chooses to submit complaint forms for filing as new cases.  In addition, Plaintiff must either pay the $350 filing fee or file a motion for leave to proceed in forma pauperis together with a certified inmate account statement for each new case submitted for filing.

Plaintiff is reminded that he is required to submit his Second Amended Complaint on court-provided forms, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Plaintiff is also reminded that the Second Amended Complaint will replace the First Amended Complaint, and it will be the only pleading the court thereafter reviews.  The Court will then screen Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and/or failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend Complaint (Doc. 31) is **granted**, and Plaintiff shall file his Second Amended Complaint that cures the deficiencies and adheres to the directions set forth herein by April 26, 2012.

**IT IS FURTHER ORDERED** that all defendants named in the original complaint, with the exception of "(FNU) Maddox, CO2," are dismissed from this action and all relief is denied as against these defendants, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss (Doc. 32) is **granted**, and the time in which Plaintiff may respond to defendants' motion is hereby extended to and including April 26, 2012.

The clerk is directed to send § 1983 complaint forms to counsel for Plaintiff.

**IT IS SO ORDERED**.

Dated: March 28, 2012

                                         S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE