IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PATRICK C. LYNN,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-3073-RDR |
| **STEVEN L. SCHULTZ, et al.,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a civil rights action brought by the plaintiff against three correctional officers at Hutchinson Correctional Facility (HCF) pursuant to 42 U.S.C. § 1983. The three defendants are Steven L. Schultz, D. Clay Vanhoose and William P. Widener. This matter is presently before the court upon the following motions: (1) plaintiff's motion for review of the Magistrate's order of December 4, 2012; (2) defendants' motion to dismiss or, in the alternative, for summary judgment; and (3) plaintiff's motion for emergency telephone hearing and for temporary restraining order and preliminary injunction.

I.

Plaintiff is an inmate in the custody of the Kansas Secretary of Corrections at the Lansing Correctional Facility. Plaintiff, proceeding pro se, originally filed this suit under 42 U.S.C. § 1983 on April 4, 2011, alleging numerous civil rights violations against 114 defendants. Some time after the filing of his pro se complaint,

plaintiff retained counsel and amended his complaint. The amended complaint was filed on April 26, 2012, and contains three counts against three defendants.

In Count 1, plaintiff alleges that, on October 7, 2009, defendants Widener and Vanhoose used excessive force and subjected him to "inhuman and unsafe conditions" when they used bleach in cleaning around his cell. He further alleges that after he complained about the bleach, Widener punched him and knocked him to the ground. He then alleges that either Widener or Vanhoose then slammed his face into the concrete while he was handcuffed. He contends that the actions of the defendants caused him physical pain and damage to his teeth and dental bridge. In Count 2, plaintiff alleges that, on December 15, 2009, defendant Schultz subjected him to excessive force and "inhuman and unsafe conditions" when defendant Schultz forced him to inhale bleach fumes. In Count 3, plaintiff alleges that, on October 7, 2009, defendants Widener and Vanhoose engaged in excessive force and retaliated against him for exercising his First Amendment rights. Plaintiff incorporates the allegations contained in Count 1 concerning the physical actions that were taken by the defendants against him. Plaintiff asserts that these actions were taken because he had "exercised his rights to complain to the segregation review board about the conditions the Defendants were exposing him to, and about them not letting him use the phone."

Plaintiff seeks monetary damages, production of any video surveillance of the incidents, and discovery information so he can serve the defendants in their individual capacities. Finally, he asks that his dental bridge be fixed. Plaintiff initially only served the office of the Kansas Attorney General.

On August 24, 2012, Magistrate O'Hara held a scheduling conference. During that conference, plaintiff sought contact information about the defendants so that they could be served in their individual capacities. Later that day, defense counsel provided plaintiff with information on how each defendant could be served. On September 6, 2012, the clerk of the court issued summons for defendants Vanhoose and Widener.

On September 18, 2012, defendants filed a motion to dismiss or, in the alternative, motion for summary judgment. In this motion, defendants contended plaintiff's claims against them in their official capacities should be dismissed. The defendants further argued that plaintiff's claims should be dismissed or they are entitled to judgment on these claims because plaintiff failed to exhaust administrative remedies.

Thereafter, the defendants filed a motion to stay discovery and a motion for extension of time to disclose experts and amend the scheduling order. On November 6, 2012, plaintiff then filed a motion for extension of time to perfect service on the defendants in their

3

individual capacities. Plaintiff requested an extension of time until February 1, 2013 in which to serve the defendants in their individual capacities. Defendants Vanhoose and Widener were eventually served on November 15, 2012.

On December 4, 2012, Magistrate O'Hara denied plaintiff's motion for an extension of time to perfect service on the defendants in their individual capacities. In doing so, he determined that (1) plaintiff had not shown good cause for the extension of time; (2) a permissive extension was not warranted on Counts of 1 and 3 because plaintiff's claims were barred by the applicable statute of limitations; and (3) a permissive extension was not warranted on Count 2 because defendants would be prejudiced by plaintiff's delay in service. Magistrate O'Hara also granted defendants' motion to stay discovery and pretrial proceedings. Finally, he denied as moot the defendants' motion for an extension of time to disclose experts and amend the scheduling order.

Plaintiff filed a motion for review of Magistrate O'Hara's order on December 19, 2012. Thereafter, counsel for plaintiff was allowed to withdraw. Plaintiff began handling this case pro se again on January 15, 2013. Plaintiff, once again proceeding pro se, then filed a motion for emergency telephone hearing, for temporary restraining order and for preliminary injunction.

II.

The court shall first consider plaintiff's motion for review. Plaintiff objects to various aspects of the Magistrate's order of December 4, 2012. He obviously objects to the Magistrate's decision concerning whether good cause existed to extend the time for service and whether a permissive extension should be granted. He further contends that Magistrate O'Hara erred in concluding that the lack of first names of the defendants did not prevent the issuance of summonses by the clerk's office. He also argues that the Magistrate O'Hara erred in concluding that (1) service was 23 days late; (2) plaintiff failed to pursue the grievance process on the first and third claims and therefore the claims are time-barred; and (3) the defendants would be prejudiced by the late service. He also asserts that the Magistrate should have considered the statements in Fed.R.Civ.P. Rule 4 concerning dual capacity service.

The defendants have responded and contend that (1) plaintiff has waived review of the Magistrate's order by failing to file timely objections; (2) plaintiff has waived review of the Magistrate's order by failing to file specific objections; and (3) there was no error in the Magistrate's order.

The court begins with the defendants' first contention. The defendants argue that plaintiff waived his right to review of the Magistrate's order because he failed to file a timely motion for

review.  We must agree.  The Magistrate entered his order on December 4, 2012.  Pursuant to Fed.R.Civ.P. 72, plaintiff had fourteen days to seek review of the order.  He filed his motion on December 19, 2012, fifteen days after the entry of the order. Therefore, the court shall deny plaintiff's motion as untimely.  See, e.g., Nicks v. Brewer, No. 10-1220-JAR, 2010 WL 4873647 at * 1 (D.Kan. Nov. 23, 2010)(motion for review filed fifteen days after magistrate's order is untimely under Rule 72); Bevill Co. V. Sprint/United Management Co., No. 01-2524-CM, 2007 WL 3237522 at * 1(D.Kan. June 7, 2007)(failure to file timely objection constitutes waiver under Rule 72).

Even if we were to consider plaintiff's motion as timely, we would deny it.  The defendants have argued that some of the objections raised by plaintiff to the Magistrate's order were waived because he failed to assert with the requisite specificity the reasons for his objection.  We agree.  Fed.R.Civ.P. 72 allows a party to provide specific, written objections to a magistrate judge's nondispositive order.  The nature of some of the objections, particularly those stated in paragraphs one, two, three and five are not sufficiently specific to preserve any issue for appellate review.  In these objections, plaintiff only indicates he objects.  He fails to provide any reason or authority why the Magistrate's decision on these matters was in error.

Finally, even if we were to consider the merits of all of the plaintiff's arguments, we would still deny the motion. Since Magistrate O'Hara denied plaintiff's motion for an extension of time to serve the defendants in their individual capacities, the court must determine whether the decision was clearly erroneous or contrary to law under Rule 72(a). Even though Judge O'Hara suggested in his order that the standard of review under Rule 72(b) might apply because his order could be viewed as a dispositive order, we believe that the review set forth in Rule 72(a) governs because he was only called upon to decide whether an extension should be granted under Rule 4(m), a nondispositive pretrial matter. See Paden v. The Testor Corp., No. 03 C 50057, 2004 WL 2491633 at * 1 (N.D.Ill. Nov. 2, 2004).

Under the clearly erroneous standard, "the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006)(quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D.Kan. 1991)(district court will generally defer to magistrate judge and overrule only for clear abuse of discretion). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty., No. 09-1316-MLB, 2011 WL 2790203, at *2

(D.Kan. July 13, 2011) (quotation omitted).

Magistrate O"Hara carefully evaluated whether plaintiff had shown good cause for an extension of time to serve defendants in their individual capacities. He found no basis for any of the reasons asserted by plaintiff's counsel for his failure to timely serve the defendants. He ultimately concluded that plaintiff's counsel "was far from meticulous in his efforts to comply with Rule 4 throughout the service period." The court agrees. The court fails to find that the Magistrate's order was clearly erroneous or contrary to law.

Magistrate O'Hara next determined that a permissive extension should not be granted because (1) plaintiff's first and third claims are already time-barred, and (2) the totality of circumstances weighed against a permissive extension on the second claim because the defendants would be prejudiced by plaintiff's delay in service. The court finds that the Magistrate accurately analyzed the application of the statute of limitations to plaintiff's first and third claims. These claims are barred because over two years have passed since the events that form the basis for these claims occurred. This time period has not been sufficiently tolled by plaintiff's exhaustion of the grievance proceedings because the record fails to show that plaintiff pursued the grievance process for these claims after October 29, 2009. Moreover, the Magistrate's conclusion that the defendants would be prejudiced by delay in service on the second

8

claim is not clearly erroneous or contrary to law.  The Magistrate pointed out that defendant Schultz has left employment with HCF and his whereabouts are unknown.  He is the only defendant named in the second claim and the only person other than plaintiff who was present during the events involved.  Therefore, in sum, the court cannot find that the Magistrate's order was clearly erroneous or contrary to law on the determination of whether a permissive extension should be granted.

## III.

The court shall now turn to the defendants' motion to dismiss or, in the alternative, for summary judgment.  In this motion, defendants contend plaintiff's claims against them in their official capacities should be dismissed.  The defendants assert that they are entitled to sovereign immunity for all claims against them in their official capacities.  The defendants further argue that plaintiff's claims should be dismissed or they are entitled to judgment on these claims because plaintiff failed to exhaust administrative remedies.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend XI.  Similarly, the Amendment bars suit against its own citizens.  Hans v. Louisiana, 134 U.S. 1 (1890).  The

Eleventh amendment prohibition on suits against states also extends to state agencies in federal court. Pennhurst State Sch. & Hosp. V. Halderman, 465 U.S. 89, 98-101 (1984). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Whether state officials sued in their official capacity are entitled to sovereign immunity depends upon the relief sought in the complaint. See Ex parte Young, 209 U.S. 123, 159-60 (1908). There is an exception to state sovereign immunity for suits seeking prospective injunctive relief. Chamber of Commerce v. Edmondson, 594 F.3d 742, 760 (10th Cir. 2010).

A review of plaintiff's complaint reveals that plaintiff seeks only damages. He seeks no prospective injunctive relief. Plaintiff alleges no ongoing violations of his rights. In fact, he is no longer incarcerated at the facility where the alleged events occurred. He does seek some discovery to help him advance his individual capacity claims, but this is not the type of prospective equitable relief available under Ex Parte Young. See Univ. Of Texas at Austin v. Vratil, 96 F.3d 1337, 1340 (10th Cir. 1996). Thus, plaintiff has failed to demonstrate that his official capacity claims against the defendants are exempt from Eleventh Amendment immunity.

Accordingly, the court shall grant defendants' motion and dismiss the official capacity claims against the defendants.

With this ruling, the court need not consider defendants' motion for summary judgment arguing that plaintiff has failed to exhaust his administrative remedies. Nevertheless, as found by Magistrate O'Hara, the record, even when viewed in the light most favorable to plaintiff, fails to provide any support for the plaintiff's contentions concerning the exhaustion of administrative remedies. Plaintiff has failed to show that he exhausted the necessary administrative remedies and he has further failed to provide any factual basis for his allegation that prison officials prevented him from pursuing the grievance procedure. Accordingly, the defendants would be entitled to summary judgment on this argument if the court were forced to reach it.

## IV.

With these rulings, the court shall also deny plaintiff's motion for emergency telephone hearing for intervention and criminal contempt of court due to obstruction of justice as moot. The court shall also deny plaintiff's motion for temporary restraining order and preliminary injunction as moot.

## V.

In light of the foregoing discussion, the court shall dismiss plaintiff's complaint with prejudice. The court finds that

plaintiff's claims against the defendants in their individual capacities are barred by the applicable statute of limitations, and therefore shall be dismissed with prejudice. Putnam v. Morris, 833 F.2d 903, 904 (10th Cir. 1987). The court further finds that plaintiff's claims against the defendants in their official capacities must be dismissed due to Eleventh Amendment immunity.

**IT IS THEREFORE ORDERED** that plaintiff's motion for review of magistrate's order (Doc. # 69) be hereby denied.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss (Doc. # 47) be hereby granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for emergency telephone hearing for intervention and criminal contempt due to obstruction of justice (Doc. # 76) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order and preliminary injunction (Doc. # 76) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's second amended complaint be hereby dismissed with prejudice. The court finds that plaintiff's claims against the defendants in their individual capacities are barred by the applicable statute of limitations, and therefore shall be dismissed with prejudice. The court further finds that plaintiff's claims against the defendants in their official capacities must be dismissed due to Eleventh Amendment immunity.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2013, at Topeka, Kansas.

                                          *s/Richard D. Rogers*
                                        United States District Judge